CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
OCT 03 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOHN LAMER HANCOX, | |
| Plaintiff, | Civil Action No.: 5:13cv00091 |
| v. | |
| AUGUST GENERAL DISTRICT COURT, JUDGE WILLIAM GOODWIN, | By: Hon. Michael F. Urbanski United States District Judge |
| Defendant. | |

## MEMORADUM OPINION

John Lamer Hancox, pro se, brings this action against the Honorable William Goodwin, a sitting Judge of the August General District Court, for actions taken by Judge Goodwin in his role as a judge of that court.

"The Supreme Court has long recognized that it is 'a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Kendrick v. Cavanaugh, CIV. CCB-10-2207, 2011 WL 2837910, at *3 (D. Md. July 14, 2011), aff'd, 470 F. App'x 194 (4th Cir. 2012) (quoting Stump v. Sparkman, 435 U.S. 349, 355 (1978)). Where the challenged action of the judge is a judicial function judicial immunity applies. Battle v. Whitehurst, 36 F.3d 1091 (4th Cir. 1994) (per curiam) (citing King v. Myers, 973 F.2d 354, 357 (4th Cir.1992)).

In this case the complaint makes clear that Mr. Hancox is suing Judge Goodwin for the judge's ruling in a traffic case. Furthermore, the plaintiff is requesting solely monetary relief—

specifically, "attorney fees and damages for emotional distress in an amount of $5000.00 and nothing else."[1] As such, the doctrine of judicial immunity applies and this case must be dismissed. An appropriate order will be entered this day.

The Clerk is directed to send a certified copy of this Order to the pro se plaintiff.

Entered: 10-03-13

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] The doctrine of judicial immunity contains a limited exception for certain forms of injunctive relief. See, e.g., Battle v. Whitehurst, 831 F. Supp. 522, 528 (E.D. Va. 1993) aff'd, 36 F.3d 1091 (4th Cir. 1994) ("The doctrine of judicial immunity does not insulate state court judges from claims for injunctive relief under 42 U.S.C. § 1983.")