CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

OCT 29 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOHN LAMER HANCOX, | |
| Plaintiff, | Civil Action No.: 5:13cv00091 |
| v. | |
| AUGUSTA GENERAL DISTRICT COURT, JUDGE WILLIAM GOODWIN, | By: Hon. Michael F. Urbanski<br>United States District Judge |
| Defendant. | |

## MEMORADUM OPINION

John Lamer Hancox, pro se, brought this action on October 1, 2013, against the Honorable William Goodwin, a sitting Judge of the Augusta General District Court, for actions taken by Judge Goodwin in his role as a judge of that court. Specifically, Judge Goodwin ruled against the plaintiff in a traffic case. This court dismissed the case on the grounds of judicial immunity on October 3, 2013. (See Dkt. No. 5). Plaintiff filed additional pleadings on October 10, 2013, and the court construed those pleadings as motion for reconsideration of judgment (Dkt. No. 6) pursuant to Fed R. Civ P. 59(e).[1] The court denied that motion. (See Dkt. No. 8). Plaintiff has again submitted additional pleadings. Again, the court will construe the pleadings as a (renewed) motion for reconsideration of judgment. (Dkt. No. 9). Again, the court will deny that motion.

---

[1] "[I]f a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978); see also MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277–78 (4th Cir. 2008) (noting CODESCO continues to apply notwithstanding the amendment to Federal Rule of Appellate Procedure 4).

Plaintiff first cites the Pennsylvania code section on judicial review of local agency action. 2 Pa. Cons. Stat. Ann. § 754. This is not a Pennsylvania state court. It is a federal court located in Virginia. Nor is the Augusta County General District Court a local agency of Pennsylvania or of any other state. It is certainly not an agency of the United States. As this is not an appeal of a Pennsylvania local agency action, this code section is completely irrelevant.

Plaintiff next quotes (although he does not cite) a portion of an American Bar Association publication entitled "What is the Rule of Law?" See American Bar Association Division for Public Education, Dialogue on the Rule of Law 4 (2008), available at http://www.americanbar.org/content/dam/aba/migrated/publiced/features/FinalDialogueROLPDF.authcheckdam.pdf. The quoted passage discusses James Madison's writings in the Federalist Papers on separation of powers and goes on to compare the American-style system of separation of powers with that of a parliamentary system of government. "The key point," the passage concludes, "is that every form of government has to have some system to ensure that no one in the government has so much power they can act about the law." Id. Certainly, such a system exists in this case as plaintiff had the ability to appeal his state court conviction to the Augusta County Circuit Court. The proper means to challenge a state judge's ruling is to appeal the decision to a higher state court—not sue the state judge in federal court.

Finally, plaintiff notes his sentiments towards the Sixth Amendment—the implication being that the plaintiff feels he was denied his right to a jury when appearing for his traffic case in General District Court, where no juries are empanelled. Plaintiff's remedy is once again found in state law. Virginia Code § 16.1-132 provides that "[a]ny person convicted in a district court of an offense not felonious shall have the right, at any time within ten days from such conviction, . . . to appeal to the circuit court." On appeal the circuit court would hear the case de

novo and "the accused [would] be entitled to trial by a jury in the same manner as if he had been indicted for the offense in the circuit court." Va. Code Ann. § 16.1-136.[2]

In sum, plaintiff's complaint is with the Virginia state court system. It is there he should seek redress. There being no merit to the motion, it shall be denied by an appropriate Order entered this day.

The Clerk is directed to send a certified copy of this Memorandum Opinion to the pro se plaintiff.

Entered: October 28, 2013

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[2] Plaintiff's Complaint states that "[t]he Staunton Circuit Court Clerk, whom I had paid to filed my papers never made sure Judge William Goodwin signed the paper of Summons to appear in Circuit Court." (Compl., Dkt. No. 3, at 5) (errors in original). If this means that plaintiff failed to properly and timely perfect his appeal, it must be noted that this court has neither the responsibility nor the authority to rescind such a failure.

3